IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NUMBER 9:19-CR-48** |
| **v.** | § | |
| | § | |
| | § | |
| **CLINT EVERETT CANNEDY** | § | |
| | § | |

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed May 19, 2022, alleging that the Defendant, Clint Everett Cannedy, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

### I. The Original Conviction and Sentence

Cannedy was sentenced on August 12, 2020, before The Honorable Michael J. Truncale, of the Eastern District of Texas, after pleading guilty to the offense of Possession of a Firearm by a Prohibited Person, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. Cannedy was subsequently sentenced to 18 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial monitoring, testing and

treatment for substance abuse, mental health treatment, sex offender treatment, no contact with minors, and a $100 special assessment.

## II. The Period of Supervision

On December 16, 2020, Cannedy completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising three allegations. The petition alleges that Cannedy violated the following conditions of release:

> Allegation 1. The Defendant shall not commit another federal, state, or local crime.
>
> Allegation 2. The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.
>
> Allegation 3. The Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program pursuant to supervision by his probation officer.

## IV. Proceedings

On July 20, 2022, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the second allegation that claimed he tested positive for methamphetamine and

marijuana.  In return, the parties agreed that Cannedy should serve a term of 9 months' imprisonment, with no supervised release to follow.

### V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class C felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by testing positive for a controlled substance, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the policy statement imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

### VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he tested positive for the use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is III. The policy statement range in the Guidelines Manual is 5 to 11 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 9 months with no supervised release to follow.

### VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that Cannedy violated a mandatory condition of release by testing positive for the use of a controlled substance. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 9 months' imprisonment with no supervised release to follow.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed

findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

    SIGNED this 29th day of July, 2022.

                                        Zack Hawthorn
                                        United States Magistrate Judge